UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE T. TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID BAUGHMAN, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1795-KJM-EFB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2. The application to proceed in forma pauperis is granted but the complaint is dismissed with leave to amend.

<u>Application to Proceed In Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

<u>Screening</u>

I.　<u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

Plaintiff alleges that, in August of 2017, he was a participant in the "Mental Health Services Delivery System." ECF No. 1 at 3. He claims this participation entitled him to ninety minutes of weekly out of cell "structured therapeutic group activities." *Id.* He has named two defendants – David Baughman, Warden of CSP Sacramento and R. Valencia, chief mental health officer of the same institution. *Id.* at 2. Plaintiff claims that both defendants were responsible for ensuring that he received his weekly minutes of therapeutic group activities and both "neglected to diligently discharge [their] responsibilities . . . ." *Id.* at 2-3. He claims that his mental health

/////

2

ultimately "decompensated to the point of suicidal ideations" and he required a mental health crisis bed. *Id.*

A claim for medical deliberate indifference under the Eighth Amendment requires a two-pronged showing. First, the plaintiff must show that he suffered from a "serious medical need" and the failure to treat that condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). Second, the plaintiff must show that defendants' response to that need was deliberately indifferent. *Id.* at 1060. Deliberate indifference requires a showing that the defendant prison official was subjectively aware of the risk. *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). It requires a showing that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, plaintiff's allegations, taken as true, establish that he had a serious medical need that was not adequately treated. He has failed, however, to allege that either defendant had an awareness of the condition and the lack of adequate treatment therefor. Plaintiff has not, for instance, alleged how either defendant was directly responsible for his care or what (if any) interactions either had with him during the relevant period. Plaintiff is also informed that a section 1983 claim cannot be premised solely on a defendant's supervisory position because there is no respondeat superior liability in a 1983 action. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). His complaint will be dismissed with leave to amend. If he elects to file an amended complaint, he should allege in specific terms how both defendants were personally responsible and/or aware of the inadequacies in his medical care.

III. <u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also

3

include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff is warned that he may not bring multiple, unrelated claims against more than one defendant. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

/////

4

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 6, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE