UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE T. TURNER,<br><br>             Plaintiff,<br><br>      v.<br><br>DAVID BAUGHMAN, et al.,<br><br>             Defendants. | No. 2:19-cv-1795-KJM-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. On April 6, 2020, the court dismissed plaintiff's complaint on screening for failure to state a claim upon which relief could be granted. ECF No. 9. Plaintiff has now filed an amended complaint (ECF No. 16) and the court must screen it.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As before, the current complaint (ECF No. 16) alleges that in August of 2017, plaintiff was a participant in the "Mental Health Services Delivery System." ECF No. 1 at 3. He claims this participation entitled him to ninety minutes of weekly out of cell "structured therapeutic

1

group activity." *Id.* He again names the same two defendants – David Baughman, Warden of CSP Sacramento and R. Valencia, chief mental health officer of the same institution. *Id.* at 2. Plaintiff claims that both defendants were responsible for ensuring that he received his weekly minutes of therapeutic group activities and both refused to diligently discharge their responsibilities. *Id.* at 4, 6. He claims that his mental health ultimately "decompensated to the point of suicidal ideations" and he required a mental health crisis bed. *Id.* at 5.

The court previously informed plaintiff that his allegations, taken as true, establish that he had a serious medical need that was not adequately treated. The court further noted, however, that plaintiff had failed to allege that either defendant knew about his serious medical needs and corresponding lack of treatment. The amended complaint does nothing to cure this deficiency. Baughman appears to be named as a defendant simply because of his role as a supervisor, which is not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As for Valencia, plaintiff alleges only that he "responded to [plaintiff's] appeal" about the matter. ECF No. 16 at 5. Linking Valencia to an administrative appeal, however, does not demonstrate that Valencia violated plaintiff's Eighth Amendment right to be free from deliberate indifference to his serious medical needs. Indeed, there are no constitutional requirements regarding how a grievance system is operated, even if plaintiff believes it to be unfair. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In sum, plaintiff has again failed to allege how either defendant was directly responsible for his care or what (if any) interactions either had with him during the relevant period. The allegations do not state who was personally responsible for denying plaintiff the ninety-minute treatment in the first instance or why the treatment was not provided. The amended complaint will be dismissed with leave to amend. If plaintiff elects to file an amended complaint, he should allege in specific terms how both defendants were personally responsible and/or aware of the inadequacies in his medical care.

### Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional

rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff is warned that he may not bring multiple, unrelated claims against more than one defendant. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that

1. Plaintiff's amended complaint (ECF No. 16) is dismissed with leave to amend within 30 days from the date of service of this order; and

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: September 28, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE